# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Martinsburg

**GEORGE H. VAN WAGNER, III**,

      Plaintiff,

v.                                     **Civil Action No. 3:12-CV-142**
                                              Judge Bailey

**CORPORAL JOSEPH WALKER**,
West Virginia State Trooper, and
**PAMELA GAMES-CLARK**,
Prosecuting Attorney for Berkeley County,
West Virginia,

      Defendants.

## ORDER DISMISSING CASE

This action was instituted by the plaintiff through a letter addressed to the undersigned and received on December 4, 2012 (Doc. 1). This Court determined to deem the letter to be a complaint and opened a civil action. The letter requests this Court to intervene in the "continuing violation of my constitutional rights by Cpl. Walker of the W.Va. State Police and the Berkely (sic) Co. Prosecuting Attorneys Office '"Pamela Gaines (sic) Neely."'"

Currently pending in the action are six motions: (1) a letter requesting that the Court intervene in pending state prosecutions and requesting an evidentiary hearing (Doc. 5); (2) an application to proceed *in forma pauperis* (Doc. 6); (3) a motion to appoint counsel (Doc. 7); (4) a "Notice to be Heard," again asking this Court to intervene in the state prosecutions (Doc. 10); (5) a motion for "leave to file," concerning his attempts to privately retain counsel

1

(Doc. 11); and (6) a "motion for extend of time," seeking additional time to correct his deficient application for *in forma pauperis* status.

Mr. Van Wagner is no stranger to this Court, having filed five bankruptcy appeals. ***Van Wagner v. Fluharty***, 3:10-CV-44; ***Van Wagner v. Trumble***, 3:10-CV-45; ***Van Wagner v. Branch Banking & Trust Co.***, 3:10-CV-54; ***Van Wagner v. Branch Banking & Trust Co.***, 3:11-CV-6; and ***Van Wagner v. Branch Banking and Trust Co.***, 3:11-CV-75. In addition, Mr. Van Wagner has filed two cases which were dismissed for lack of diversity jurisdiction. ***Van Wagner v. Residential Funding Company, LLC***, 3:11-CV-66 and ***Van Wagner v. Crites***, 3:11-CV-97.

In yet another case, ***Van Wagner v. McGraw***, 3:11-CV-58, the plaintiff sought an emergency writ of prohibition requiring the defendants to abandon a state criminal prosecution. This Court dismissed that action under ***Younger v. Harris***, 401 U.S. 37 (1971). The United States Court of Appeals for the Fourth Circuit affirmed that dismissal. ***Van Wagner v. McGraw***, 459 Fed.Appx. 290 (4th Cir. 2011).

The plaintiff has been charged with fraudulent schemes and felony embezzlement in various cases in the Berkeley County, West Virginia, Circuit Court (Case Numbers 11-B-99, 11-F-362, 11-F-705, and 12-F-158). The four fraudulent scheme charges in violation of W. Va. Code § 61-3-24(d) and one felony embezzlement charge in violation of W. Va. Code § 61-3-20 have been consolidated into Case Number 12-F-158.

As the Fourth Circuit once explained, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." ***Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.***, 369 F.3d 385,

390 (4th Cir. 2004); see also **Wickline v. Dutch Run-Mays Draft, LLC**, 606 F.Supp.2d 633, 636 (S.D. W.Va. 2009) (same); Fed. R. Civ. P. 12(h)(3). Because of the nature of the plaintiff's request for relief, this Court now raises *sua sponte* the question of subject-matter jurisdiction.

In **Younger v. Harris**, 401 U.S. 37 (1971), the Supreme Court of the United States articulated an abstention doctrine to prevent federal courts from unwarranted involvement in pending state court criminal prosecutions, notwithstanding allegations of federal constitutional violations. The Fourth Circuit has recognized that **Younger** abstention should not be construed lightly:

> Absent a few extraordinary exceptions, **Younger** mandates that a federal court abstain from exercising jurisdiction interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

**Nivens v. Gilchrist**, 444 F.3d 237, 241 (4th Cir. 2006) (citing **Middlesex County Ethics Comm. v. Garden State Bar Ass'n**, 457 U.S. 423, 432 (1982)) (footnote omitted).

The Fourth Circuit then elaborated on those "few extraordinary exceptions," as follows:

> The Supreme Court has recognized that a federal court may disregard **Younger**'s mandate only where (1) "there is a showing of bad faith or harassment by state official responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable injury.

**Nivens**, 444 F.3d at 241 (quoting **Kugler v. Helfant**, 421 U.S. 117, 124 (1975)).

3

Upon careful consideration of the above, the Court finds that the relief that the plaintiff requests in this case is barred by *Younger*. In other words, the elements of the doctrine are satisfied, and the plaintiff has failed to persuade the Court that one of the exceptions applies.

With regard to the elements, the Court first notes that there is an ongoing state criminal proceeding. Next, there can be no question that this case implicates a vital interest for the State of West Virginia. The State has the duty to protect its residents from fraudulent schemes. Lastly, the plaintiff has a mechanism in the state proceedings to raise his grievances.

As for the exceptions, this Court is unpersuaded that any are applicable in the instant case. While the plaintiff has alleged that his constitutional rights have been violated by the investigating officer and the prosecuting attorney in that they contacted persons serving as his attorneys in fact and informing them that they were in violation of law in collecting rents on properties that were part of a bankruptcy estate and are interfering with his mail at the Eastern Regional Jail. This Court finds these allegations to be insufficient to cause this Court to ignore *Younger*. Such allegations may be addressed by the Circuit Court of Berkeley County, West Virginia. In addition, this Court notes that Mr. Van Wagner is also under indictment in this Court. *See **United States v. Van Wagner***, 3:12-CR-34-GMG. This would also permit the plaintiff's federal counsel to address any constitutional violations.

For the reasons stated above, this Court finds that the relief sought in this case is barred by *Younger*, thereby depriving this Court of jurisdiction. Accordingly, this Court

hereby **DISMISSES** this action and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** January 16, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE